UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

TAMMIE HALL ORDONEZ

                               Plaintiff,

         -against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police
Commissioner; JULIO C. ORDONEZ, Deputy Inspector, Borough
Administrator, Patrol Borough Manhattan North; RAFAEL PINIERO,
Chief, Personnel Bureau; GEORGE W. ANDERSON, Deputy Chief,
Executive Officer, Personnel Bureau; MICHAEL P. O'NEILL,
Deputy Chief, Employee Relations Section; CHARLES MICHAEL
MARTINEZ, Deputy Chief Surgeon, Medical Division;
DANIEL SWEENEY, Sergeant, Counseling Services Unit; SAM
WILLIS, Counseling Services Unit; JOHN MAZZELLA, Police
Officer, Counseling Services Unit; SUZANNE GIMBLET, Detective,
Counseling Services Unit; MICHAEL BAHRENBURG, Police
Officer, Counseling Services Unit; each being sued individually and
in their official capacities as employees of the Police Department
City of New York; LONG ISLAND CENTER FOR RECOVERY
aka LICR and its agents; JACK HAMILTON, President and Chief
Executive Officer, Long Island Center for Recovery Inc., being sued
in his individual and official capacity as an employee of the Long
Island Center for Recovery Inc., and its agents.

  .

                               Defendants.

-------------------------------------------------------------------------------X

Jury Trial Demand

<u>Amended Complaint</u>

06 CV 4935 (SJ)(RML)

Judge Sterling Johnson

      The plaintiff TAMMIE HALL ORDONEZ, by her attorneys, Jeffrey L. Goldberg, P.C., as

and for her complaint against defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY;

JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P.

O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN

MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LONG ISLAND CENTER

FOR RECOVERY Inc., and JACK HAMILTON, respectfully set forth and allege that:

## INTRODUCTION

1.    This is an action for equitable relief and money damages on behalf of the plaintiff TAMMIE HALL ORDONEZ, (hereinafter referred to as "plaintiff") who was, and who is prospectively deprived of her civil and constitutional rights as a result of the defendants' racketeering activities, gender, race, color and disability discrimination.

## JURISDICTION AND VENUE

2.    The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

a. the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(c), making it illegal for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity;

b. the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1962(d), making it unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of 18 U.S.C. 1962;

c. the Racketeer Influenced and Corrupt Organization Act pursuant to 18 U.S.C. § 1964(c), affording the opportunity for any person injured in his business or property by reason of a violation of section 1962, may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee;

d. Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the

basis of sex;

e.  Title I of the Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA") providing for injunctive and other relief against discrimination in employment on the basis of disability and/or individuals regarded as having a disability;

f.  the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of state law;

g.  the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

h.  the Civil Rights Act of 1871, 42 U.S.C. § 1985(3), providing for protection from conspiracies to interfere with a person's civil rights;

i.  the Establishment Clause of the First Amendment of the Bill of Rights of the United States Constitution, providing for protection against interference with a person's right to freedom of religion.

3.  The unlawful employment practices, violations of plaintiff's civil rights and tortious acts complained of herein were committed within the Eastern and Southern Districts of New York.

4.  The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; New York City Administrative Code § 8-502; Aiding and Abetting and the Breach of Fiduciary Duty; and Unjust Enrichment, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one civil, constitutional and statutory rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5.      Plaintiff is a female citizen of the United States of America and is over twenty-one (21) years of age, a resident of Suffolk County and is an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD").  For the purposes of this litigation defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer which is the CITY.

## DEFENDANTS

6.      Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the State of New York.

7.      Defendant CITY is an employer within the definitions contained in 42 U.S.C. § 12111(5), employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8.      Defendants' RAYMOND W. KELLY, Police Commissioner; JULIO C. ORDONEZ, Deputy Inspector, Borough Administrator, Patrol Borough Manhattan North; RAFAEL PINIERO, Chief, Personnel Bureau; GEORGE W. ANDERSON, Deputy Chief, Executive Officer, Personnel Bureau; MICHAEL P. O'NEILL, Deputy Chief, Employee Relations Section; CHARLES MICHAEL MARTINEZ, Deputy Chief Surgeon, Medical Division; DANIEL SWEENEY, Sergeant, Counseling Services Unit; SAM WILLIS, Counseling Services Unit; JOHN MAZZELLA, Police Officer, Counseling Services Unit; SUZANNE GIMBLET, Detective, Counseling Services Unit; MICHAEL BAHRENBURG, Police

4

Officer, Counseling Services Unit; each being sued individually and in their official capacities as employees of the NYPD.

9.      Defendant LONG ISLAND CENTER FOR RECOVERY and its agents (hereinafter referred to collectively as LICR) is formed in accordance with the laws of New York. LICR located in Suffolk County, New York, provides inpatient and outpatient alcohol and chemical dependency treatment programs to employees of defendant CITY.

10.     Defendant JACK HAMILTON, President and Chief Executive Officer, being sued individually and in his official capacity as an employee of LICR.

## PROCEDURAL REQUIREMENTS

11.     Plaintiff has filed suit with this Court within the applicable statute of limitations period.

12.     Plaintiff is not required to exhaust any administrative procedures prior to suit under the Racketeer Influenced and Corrupt Organization Act, the Civil Rights Act of 1866, the Civil Rights Act of 1871 or the United States Constitution.

13.     On or about May 26, 2006, plaintiff sought assistance from the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

14.     On or about June 23, 2006, plaintiff received a Dismissal and Notice of Right to Sue from the EEOC.

## BACKGROUND

15.     Plaintiff is a Detective employed with the NYPD.

16.     Plaintiff alleges that on or about December 12, 2005, after experiencing marital problems with her ex-husband, JULIO C. ORDONEZ, she filed for a divorce.

17.     Plaintiff alleges that on or about January 21, 2006, she and defendant JULIO C.

ORDONEZ had a verbal altercation about a number of things, including: sexually suggestive pictures of other women that she found on a digital camera in his possession; five (5) cassette tapes containing her private telephone conversations (he illegally wiretapped the home telephone line) with other individuals, twenty-seven (27) negatives of sexually suggestive photos of her daughter; and three of her personal address books which she believed to be missing but that were also found in the defendant's possession.

18.     Plaintiff alleges that defendant JULIO C. ORDONEZ had been recording all of the telephone conversations made on their house telephone number with an illegal recording device for a period of approximately four (4) years without plaintiff's knowledge or consent.

19.     Plaintiff further alleges that such recording equipment may have been from the assets of the NYPD.

20.     Plaintiff alleges that on or about January 21, 2006, she called the Suffolk County Police Department to report the illegal wiretapping of their telephone line.

21.     Plaintiff alleges that same day, Police Officer Turansky Shield No.: 5335 of the Suffolk County Police Department and former member of the NYPD assigned to the 111th Precinct responded to the plaintiff's complaint.

22.     Plaintiff alleges that when Police Officer Turansky saw defendant JULIO C. ORDONEZ he recognized him from the 111th Precinct and he refused to arrest the defendant for the illegal wiretapping.

23.     Plaintiff alleges that Police Officer Turansky would not allow her to fill out the victim statement portion of the Domestic Incident Report.

24.     Plaintiff alleges shortly thereafter defendant JULIO C. ORDONEZ packed up his belongings and left the residence. .

6

25.    Plaintiff alleges that on or about January 22, 2006, she received a telephone call from Harry Fox, a co-worker who informed her that the Internal Affairs Bureau ("IAB") wanted to meet with her in order to discuss defendant JULIO C. ORDONEZ.

26.    Plaintiff alleges shortly thereafter, she received another telephone call from Detective Endowment Association Delegate Richard Santangelo who requested that she bring her service weapons to the meeting with IAB because defendant JULIO C. ORDONEZ accused her of threatening him.

27.    Plaintiff alleges that defendant JULIO C. ORDONEZ filed IAB Log No.: 06-02368, against her.

28.    Plaintiff further alleges since defendant used to work in IAB and is intimately aware of how to file false complaints against members of the service that will be entertained by IAB.

29.    Plaintiff alleges after reporting to IAB, she was informed by the investigators that defendant JULIO C. ORDONEZ had obtained an order of protection against her based on the following allegations: Plaintiff allegedly threatened to shoot him; Plaintiff abuses alcohol; and Plaintiff abuses Ordonez when she drinks alcohol.

30.    Plaintiff alleges that the investigators from IAB informed her that she was going to be removed from her home and her firearms confiscated.

31.    On or about January 24, 2006, she was scheduled to appear in Family Court regarding the order of protection.  When she appeared in court on that day with her attorney, defendant JULIO C. ORDONEZ appeared, but his attorney did not appear with him.  The judge rescheduled the hearing for January 27, 2006.

32.    Plaintiff alleges that on or about January 27, 2006, she re-appeared in Court with

7

her attorney and defendant JULIO C. ORDONEZ also appeared with his attorney.

33.     Plaintiff alleges that after a fact finding hearing, the Court vacated the order of protection because the Court found the allegations to be false.

34.     Plaintiff alleges that investigators at IAB are aware of the illegal wiretapping and other serious misconduct but did not take any action against defendant JULIO C. ORDONEZ because he used to work in IAB.

35.     Plaintiff alleges that she gave copies of the tapes to Lieutenant DiBartolomeo and Sergeant Tavares.

36.     Plaintiff alleges that on or about March 2, 2006, she called the Suffolk County Police Department to again report the illegal wiretapping and Police Officer Turansky again responded to her home.  After threatening to request his supervisor, Police Officer Turansky called his sergeant to the scene and Detective Kevin Earley filed a report and vouchered copies of the tapes.

37.     Plaintiff alleges to this day, defendant JULIO C. ORDONEZ has never been arrested nor prosecuted for the illegal wiretapping of their telephone line.

38.     Plaintiff alleges that on or about March 16, 2006, she was ordered to report to the Counseling Services Unit.  Upon her arrival, she was interviewed by defendant JOHN MAZZELLA.

39.     Plaintiff alleges that defendant is not a CASAC certified. Counselor.

40.     Plaintiff alleges that defendant JOHN MAZZELLA informed her that defendant JULIO C. ORDONEZ (Cesar) told the Counseling Services Unit as well as her brother that she has a drinking problem.

41.     Plaintiff alleges that when defendant JOHN MAZZELLA called her brother, he

8

alleged that she came to the unit because she felt that she has drug problem.

42.    Plaintiff alleges that based on the false analysis by the Counseling Services Unit she was ordered to attend an inpatient residential treatment otherwise she would be suspended and/or terminated.

43.    Plaintiff alleges that on or about March 17, 2006, she was admitted to defendant LICR, owned and operated by defendant JACK HAMILTON, where she was forced to undergo treatment for twenty-eight (28) days.

44.    Plaintiff alleges that during her stay, she was informed by defendant LICR counselors that she did not suffer from alcoholism, however she should make the best of the situation and try to learn whatever she could while at LICR.

45.    Plaintiff alleges that she was surrounded by drug addicts, alcoholics, and people with extensive criminal histories.

46.    Plaintiff alleges that while attending defendant LICR, other patients were bringing in drugs and having sex in the facility that is supposed to be secure and free of such activities.

47.    Plaintiff alleges that she cried and every night and continues to experience nightmares due to her exposure to this environment.

48.    Plaintiff alleges that male employees of defendant LICR would open the door to her room without knocking in a violation of her privacy.

49.    Plaintiff alleges that during her stay, she did not receive any treatment.

50.    Plaintiff alleges that on or about April 17, 2006, she was ordered to report to the Counseling Services Unit. While there, she was ordered by defendant DANIEL SWEENEY that she had to attend AA meetings and find a group sponsor and failure to comply will result in her suspension and/or termination.

51.     Plaintiff alleges that Commissioner James F. Hanley, through defendant CITY's Office of Labor Relations improperly ceded authority of defendant CITY's Employee Assistance Program (hereinafter referred to as  an EAP) relating to employees of the NYPD more specifically the Counseling Services Unit without controlled oversight and allowing it to operate as an EAP without the appropriate certification or waiver from the New York State Office of Alcoholism and Substance Abuse Services (hereinafter referred to as OASAS) or other appropriate governing authority.

52.     Plaintiff alleges that from January 21, 2006, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG has violated her civil rights as well as other similarly situated employees regarded as disabled employees due to chronic alcohol dependency although there were no changes in their level of job performance.

53.     Plaintiff alleges that from January 21, 2006, until this day, defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their HIPPA Rights to restrict the release of their personal medical records under the threat of suspension and/or termination.  Defendants' CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG as well as other

10

members of the Medical Division, Employee Relations and the Counseling Services Unit then also refused to allow plaintiff as well as other similarly situated employees to view the contents their own case folders.

54.    Plaintiff alleges that from January 21, 2006, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees under the threat of suspension and/or termination into signing a non-negotiable Counseling Contract without the benefit of legal counsel.  Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit would then strictly enforce the conditions of the contract against plaintiff and other similarly situated employees when they had no actual knowledge of the conditions because a copy of the Counseling Contract was never provided to them.  Nor were the legal ramifications of the contract explained to them.

55.    Plaintiff alleges that from January 21, 2006, defendants RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL

11

BAHRENBURG as well as other members of the Medical Division, Employee Relations Section and the Counseling Services Unit to coerce plaintiff as well as other similarly situated employees into waiving their informed consent rights under the threat of suspension and/or termination to make their own medical decisions for any treatment.

56. Plaintiff alleges that from January 21, 2006, until this day, that she and other similarly situated employees were forced to attend inpatient residential and outpatient treatment programs such as defendant LICR when defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG as well as other members of the Counseling Services Unit knew that they could not be medically and/or ethically treated because they did not meet the criteria of chronic alcohol dependency and/or because of sustained remission. Plaintiff further alleges that defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG as well as other members of the Counseling Services Unit would use their positions as fiduciaries to authorize fraudulent billings to insurance carriers, self insurers and/ not for profit organizations such as Aetna US Healthcare, the Red Cross, the New York City Police Foundation, the Liberty Management Group, defendant CITY's Operating Budget Account or directly to the plaintiff. The billing method depended on whether or not the insurance carrier denied the claim. Upon information and belief defendant LICR knew or should have known that the plaintiff as well as other similarly situated employees were being forced to attend their respective programs against their will or that they did not meet the chronic alcohol dependency criteria.

57. Plaintiff alleges that from January 21, 2006, until this day, defendants'

RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed members of the Medical Division, Employee Relations Section and the Counseling Services Unit to utilize uncertified alcohol counselors and/or trainees to counsel and/or refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs such as defendant LICR without medical necessity.  Plaintiff alleges that such treatment programs included unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification.  Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as Aetna US Healthcare, the Red Cross, the New York City Police Foundation, the Liberty Management Group, defendant CITY and/or the plaintiff.

58.    Plaintiff alleges that from January 21, 2006, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG as well as other members of the Counseling Services Unit to improperly and illegally refer plaintiff as well as other similarly situated employees to inpatient residential and outpatient alcohol treatment programs under the threat of suspension and/or termination.

59.    Plaintiff alleges that from January 21, 2006, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse

13

allowed defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG as well as other members of the Counseling Services Unit to force plaintiff as well as other similarly situated employees into inpatient residential and outpatient alcohol treatment programs.  Plaintiff alleges that the Counseling Services Unit would make referrals to inpatient residential and outpatient alcohol treatment programs although there were no findings of chronic alcohol abuse.  Plaintiff alleges that such referrals were solely for the financial benefit of defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG as well as other members of the Counseling Services Unit and LICR.  Upon information and belief, defendant SUZANNE GIMBLET maintains a log to track referrals made to the various programs for the defendant's financial gain.  Additionally, as part of Retired Lieutenant Jacqueline McCarthy's financial kickback, she is now employed by defendant LICR as a Counselor or related position in violation of New York City Charter § 2604 (8)(d)(1).

60.     Plaintiff alleges that from January 21, 2006, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse allowed the Counseling Services Unit to retain employees who are not only uncertified but, use the same inpatient residential and outpatient alcohol treatment programs to obtain falsified continuing education credits to fulfill OASAS credentialing requirements although they did not attend any classes or study any of the course material.

61.     Plaintiff alleges that from January 21, 2006, until this day, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ improperly and without legal excuse

14

allowed defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG as well as other members of the Counseling Services Unit to refer plaintiff as well as other similarly situated employees to the Twelve Steps Religious Based Alcohol Anonymous Program under the threat of suspension and/or termination without offering alternative programs in violation of the Establishment Clause of the First Amendment of the United States Constitution.

62.     On or about January 21, 2006, until this day, plaintiff and similarly situated employees are being forced to continue being monitored by the Counseling Services Unit under threat of suspension and/or termination including submitting to Breathalyzer Tests, Urinalysis and Random Home Visits.   Plaintiff further alleges that to this day, defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG continues to monitor plaintiff and other similarly situated minority police officers with its Counseling Services Unit at an inordinately high rate as opposed to non-minority police officers who are generally not subject to such monitoring by defendants'.  Defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG continues to utilize the services of defendant LICR who act in collusion to continue this violative pattern and practice of discrimination.

63.     Plaintiff alleges that in or around January 21, 2006, she was forced to join defendant LICR under the threat of suspension and/or termination by agents of the Counseling

Services Unit. Plaintiff further alleges that while a resident at defendant LICR, defendant LICR engaged in unnecessary medical treatment, duplicative diagnostic testing, miscoding or upcoding of services, bundling and unbundling of services, and forced time in isolation for detoxification. Plaintiff further alleges that such activities were solely for the purpose of generating fees and revenue to defraud insurance carriers, self insurers and/ not for profit organizations such as Aetna US Healthcare, the Red Cross, the New York City Police Foundation, the Liberty Management Group, defendant CITY and/or the plaintiff.

64. Based on the foregoing, plaintiff feels that her rights were and are being violated by defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LICR and JACK HAMILTON.

## <u>VIOLATIONS AND CLAIMS ALLEGED</u>

### COUNT I
### CONSPIRACY
### IN VIOLATION OF
### THE RACKETEER INFLUENCED AND CORRPUPT ORGANIZATIONS ACT

65. Plaintiff re-alleges paragraphs 1 through 64 and incorporates them by reference as paragraphs 1 through 64 of Count I of this Complaint.

66. This cause of action is brought pursuant to 18 U.S.C. § 1964(c).

67. As set forth above, in violation of 18 U.S.C. § 1962(d), defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LICR and JACK HAMILTON have conspired to violate 18 U.S.C. § 1962(c).

68. As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting a pattern of racketeering

activity. Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against her will, loss of pension and opportunity rights, legal fees to assert her rights, paying excessive premiums for insurance and other related services than they would have in the absence of the conspiracy.

69.     Accordingly, defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LICR and JACK HAMILTON are liable to the plaintiff for three times her actual damages as proven at trial plus interest and attorney's fees.

## COUNT II
## RACKEETEERING ACTIVITY
## IN VIIOLATION OF
## THE RACKETEER INFLUENCED AND CORRUPT ORGANZATIONS ACT

70.     Plaintiff re-alleges paragraphs 1 through 69 and incorporates them by reference as paragraphs 1 through 69 of Count II of this Complaint.

71.     This cause of action is brought pursuant to 18 U.S.C. § 1964(c), for violations of 18 U.S.C. § 1962(c).

72.     As set forth above, in violation of 18 U.S.C. § 1962(c), defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LICR and JACK HAMILTON have conducted or participated in the conduct of the affairs of the Fraudulent Chemical Dependency Enterprise via the Counseling Services Unit through a pattern of racketeering activity.

73.     As a direct and proximate result, plaintiff and other similarly situated employees have been injured in their property by the predicate acts constituting the pattern of racketeering activity. Specifically, plaintiff and other similarly situated employees have been injured by, among other things, numerous confinements against her will, loss of pension and opportunity

17

rights, legal fees to assert her rights, paying excessive premiums for insurance and other related services than they would have in the absence of the defendants' conduct.

74.     Accordingly, defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LICR and JACK HAMILTON are liable to the plaintiff for three times her actual damages as proven at trial plus interest and attorney's fees.

## COUNT III
## INJUNCTIVE AND DECLARATORY RELIEF UNDER THE
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

75.     Plaintiff re-alleges paragraphs 1 through 74 and incorporates them by reference as paragraphs 1 through 74 of Count III of this Complaint.

76.     This claim arises under 18 U.S.C. § 1964(a), which authorizes the Court to enjoin violations of 18 U.S.C. § 1962, and under 28 U.S.C. § 2201, which authorizes declaratory relief.

77.     As set forth in plaintiff's Count I and II and in this Complaint, defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LICR and JACK HAMILTON have violated 18 U.S.C. §§ 1962(c) and (d) on a continuing basis and unless enjoined, will continue to do so in the future.

78.     As set forth plaintiff has no adequate remedy at law to prevent future violations of 18 U.S.C. §§ 1962(c) and (d), in the absence of injunctive and declaratory relief.

79.     Accordingly, plaintiff is entitled to declaratory relief declaring the illegal and conspiratorial conduct alleged herein to be in violation of 18 U.S.C. §§ 1962(c) and (d) and injunctive relief enjoining defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LICR and JACK HAMILTON from further violations of 18 U.S.C. §§ 1962(c) and (d).

18

## COUNT IV
## AIDING AND ABETTING
## BREACH OF FIDICUARY DUTY

80.     Plaintiff re-alleges paragraphs 1 through 79 and incorporates them by reference as paragraphs 1 through 79 of Count IV of this Complaint.

81.     As alleged above, a fiduciary relationship existed between plaintiff and defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LICR and JACK HAMILTON.

82.     Defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LICR and JACK HAMILTON breached this duty by acting in their own pecuniary interests and in disregard of the interests of the plaintiff as well as other similarly situated employees as set forth above.

83.     Defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LICR and JACK HAMILTON knowingly participated in that breach by, among other things, engaging in the fraudulent and conspiratorial conduct described above.

84.     Plaintiff has suffered damages proximately caused by defendants' CITY; RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; and CHARLES MICHAEL MARTINEZ's participation in defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LICR and JACK HAMILTON's breach.

85.     Accordingly, defendants' are liable to the plaintiff for damages in an amount to be proven at trial.

## COUNT V
## UNJUST ENRICHMENT

86.     Plaintiff re-alleges paragraphs 1 through 85 and incorporates them by reference as paragraphs 1 through 85 of Count V of this Complaint.

87.     Defendants' DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LICR and JACK HAMILTON have benefited from their unlawful acts of fraudulent and unnecessary medical billings by receiving wired funds and/or gratuities across states lines from insurance carriers, self insurers and not for profit organizations.  These payments have been received by the defendants' at the plaintiff's expense, under circumstances where it would be inequitable for the defendants' to be permitted to retain the benefit.

## COUNT VI
## RACE, COLOR AND GENDER DISCRIMINATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

88.     Plaintiff re-alleges paragraphs 1 through 87 and incorporates them by reference as paragraphs 1 through 87 of Count VI of this Complaint.

89.     Plaintiff alleges that defendant CITY engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the plaintiff's race, color and gender in violation of 42 U.S.C. § 2000e-2.

90.     As part of its pattern and practice of employment discrimination defendant CITY treated plaintiff in a manner indicative of race, color and gender discrimination, with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

20

91.     The failure of defendant CITY to thoroughly investigate plaintiff's allegations of race, color and gender discrimination.

92.     Defendant CITY knew or should have known about race, color and gender discrimination in the workplace because of their prior history of discriminatory conduct against the plaintiff and other similarly situated individuals.

93.     Defendant CITY failed and refused to take appropriate action to end the discriminatory treatment and conditions which plaintiff was subjected to, which was clearly motivated by race, color and gender discrimination in a clear demonstration of bad faith.

94.     That as a result of the discriminatory acts of defendant CITY plaintiff suffered depression and anxiety.

95.     Defendant CITY acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at plaintiff and continued from in or about January 21, 2006, until this day.

96.     As a result of the acts of defendants' under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, loss of pension rights, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VII
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

97.     Plaintiff re-alleges paragraphs 1 through 96 and incorporates them by reference as paragraphs 1 through 96 of Count VII of this Complaint.

98.     Plaintiff alleges that defendant CITY engaged in various retaliatory actions against plaintiff as a result of her opposition to race, color and gender discrimination and as a

result of her filing such complaints with the Suffolk County Police Department, NYPD and the EEOC, in violation of 42 U.S.C. § 2000e-3(a).

99.     That as a result of the illegal acts of defendant CITY plaintiff suffered depression and anxiety.

## COUNT VIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

100.    Plaintiff re-alleges paragraphs 1 through 99 and incorporates them by reference as paragraphs 1 through 99 of Count VIII of this Complaint.

101.    Plaintiff alleges that defendant CITY engaged in various severe and hostile actions towards plaintiff as a result of her opposition to race, color and gender discrimination and as a result of her filing such complaints with the Suffolk County Police Department, NYPD and the EEOC.

102.    That as a result of the severe and hostile acts of the defendant CITY plaintiff suffered depression, anxiety and loss of job opportunities.

## COUNT IX
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

103.    Plaintiff re-alleges paragraphs 1 through 102 and incorporates them by reference as paragraphs 1 through 102 of Count IX of this Complaint.

104.    At all relevant times, plaintiff has been regarded as a qualified individual with a disability within the meaning of 42 U.S.C. §12102. More particularly, plaintiff is regarded by the NYPD as a qualified individual with a mental impairment due to chronic alcohol abuse.

105.    Defendant CITY failure to treat plaintiff in a manner comparable to other similarly

22

situated individuals regarded as a qualified individual with a mental impairment due to chronic alcoholism constitutes disability discrimination against plaintiff with respect to the terms, conditions, or privileges of employment.

106. Defendant's actions constitute a violation of 42 U.S.C. §12112(b)(5)(A).

## COUNT X
## RETALIATION
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

107. Plaintiff re-alleges paragraphs 1 through 105 and incorporates them by reference as paragraphs 1 through 105 of Count X of this Complaint.

108. Plaintiff alleges that defendant CITY engaged in various retaliatory actions against her as a result of her opposition to disability discrimination and as a result of her expressing her first amendment right to criticize defendants' for coercing her and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Step Religious Based Alcoholic Anonymous Program, in violation of 42 U.S.C. § 12203(a).

109. That as a result of the illegal retaliatory acts of defendant CITY plaintiff has suffered from depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

## COUNT XI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

110. Plaintiff re-alleges paragraphs 1 through 109 and incorporates them by reference as paragraphs 1 through 109 of Count XI of this Complaint.

111. Plaintiff alleges that defendant CITY engaged in various severe and hostile

actions towards her as a result of her opposition to disability discrimination and as a result of her expressing her first amendment right to criticize defendants' for coercing her and other similarly situated individuals under threat of suspension and/or termination to seek alcohol treatment with the Twelve Steps Religious Based Alcoholic Anonymous Program.

112.    That as a result of the severe and hostile acts of defendant CITY plaintiff has suffered depression, anxiety, loss of pay and pension rights and loss of employment opportunities.

## COUNT XII
## RACE, COLOR and GENDER DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

113.    Plaintiff re-alleges paragraphs 1 through 112 and incorporates them by reference as paragraphs 1 through 112 of Count XII of this Complaint.

114.    That by the aforesaid discriminatory acts and omissions of defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

115.    That the purpose of defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws,

24

and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

116.    Pursuant to their conduct, the defendants acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

117.    As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

**COUNT XIII**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

118.    Plaintiff re-alleges paragraphs 1 through 117 and incorporates them by reference as paragraphs 1 through 117 of Count XIII of this Complaint.

119.    Plaintiff alleges that defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG engaged in various retaliatory actions against her acting individually and in their capacities as supervisory and/or administrative officials of defendant CITY as a result of her opposition to race, color, and gender discrimination.

120.     That the purpose of defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

121.     Pursuant to their conduct, the defendants' acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

122.     As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

**COUNT XIV**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

123.     Plaintiff re-alleges paragraphs 1 through 122 and incorporates them by reference as paragraphs 1 through 122 of Count XIV of this Complaint.

124.     Plaintiff alleges that defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG engaged in various severe and hostile actions against her acting individually and in their capacities as supervisory and/or administrative officials of defendant CITY as a result of her opposition to race, color and

gender discrimination.

125. That the purpose of defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

126. Pursuant to their conduct, the defendants' acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

127. As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XV
## RACE, COLOR AND GENDER DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983 CONSPIRACY

128. Plaintiff re-alleges paragraphs 1 through 127 and incorporates them by reference as paragraphs 1 through 127 of Count XV of this Complaint.

129. Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG under color of law, conspired with one another to deprive plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom

of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

130.    Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY under color of law, and having been fully advised that plaintiff, an African-American female, was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

131.    Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of race, color and gender discrimination in the workplace.

132.     Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

133.     Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about January 21, 2006, until this day.

134.     As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XVI**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

135.     Plaintiff re-alleges paragraphs 1 through 134 and incorporates them by reference as paragraphs 1 through 134 of Count XVI of this Complaint.

136.     Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG under color of law, conspired with one another to deprive plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to

29

enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

137.    Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

138.    Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of discriminatory conduct in the workplace.

139.    Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE

30

GIMBLET; and MICHAEL BAHRENBURG in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

140.    Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about January 21, 2006, until this day.

141.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XVII
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

142.    Plaintiff re-alleges paragraphs 1 through 141 and incorporates them by reference as paragraphs 1 through 141 of Count XVII of this Complaint.

143.    Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG under color of law, conspired with one another to deprive plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

144.    Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL

31

PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

145.     Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG; in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of discriminatory conduct in the workplace.

146.     Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

147.     Defendants' acted in an outrageous and systematic pattern of discrimination,

32

oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about January 21, 2006, until this day.

148.    As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XVIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

149.    Plaintiff re-alleges paragraphs 1 through 148 and incorporates them by reference as paragraphs 1 through 148 of Count XVIII of this Complaint.

150.    Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG under color of law, conspired with one another to deprive plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

151.    Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG acting individually and in their official capacities

33

as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

152. Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of discriminatory conduct in the workplace.

153. Defendants' RAYMOND W. KELLY; JULIO C. ORDONEZ; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

154. Defendants' acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about January 21, 2006, until this day.

155. As a result of the acts of the defendants' under color of law, plaintiff suffered

emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XIX
## FALSE IMPRISONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

156.    Plaintiff re-alleges paragraphs 1 through 155 and incorporates them by reference as paragraphs 1 through 155 of Count XIX of this Complaint.

157.    Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG under color of law, conspired with one another to deprive plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

158.    That by the improper and illegal confinement of plaintiff at defendant LICR under the threat of suspension and/or termination by defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff,

or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

159.    That by the improper and illegal confinement of plaintiff at defendant LICR acting in collusion with defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG interfered with plaintiff's right to enjoy freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

160.    That the purpose of defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LICR and JACK HAMILTON in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, movement, association and assembly, to petition her government for redress

36

of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

161.    Pursuant to their conduct, the defendants' acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1983.

162.    As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of her civil rights.

## COUNT XX
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)

163.    Plaintiff re-alleges paragraphs 1 through 162 and incorporates them by reference as paragraphs 1 through 162 of Count XX of this Complaint.

164.    That by the aforesaid discriminatory acts and omissions of defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LICR and JACK HAMILTON acting individually and in their official capacities as supervisory and/or administrative officials of the CITY and/or independent contractor to defendant CITY conspired, planned, agreed and intended to act in manner to thereby cause economic and psychological injury to plaintiff.

165.    That the purpose of the defendants' in so acting was to prevent plaintiff from obtaining the benefits to which he was entitled under the law and from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under

37

the Constitution and laws of the United States and the State of New York including but not limited to enjoy her right to freedom of speech, movement, association and assembly, to petition her government for redress of her grievances, to be secure in her person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

166. Pursuant to their conspiracy, defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; MICHAEL BAHRENBURG; LICR and JACK HAMILTON acted to deprive the plaintiff of her civil rights, by repeated and insidious acts of discrimination and bad faith, all in violation of 42 U.S.C. § 1985 (3).

167. As a result of the aforesaid acts, depriving plaintiff of her civil rights, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

## COUNT XVIII
## FORCED TREAMENT IN AN ALCOHOLIC ANONYMOUS BASED PROGRAM IN VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

168. Plaintiff re-alleges paragraphs 1 through 167 and incorporates them by reference as paragraphs 1 through 167 of Count XVIII of this Complaint.

169. The First Amendment of the Bill of Rights of the United States Constitution makes it unlawful to prohibit the freedom of expression.

170. Plaintiff alleges that defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG violated her right to freedom of expression.

38

171.    Defendants' RAYMOND W. KELLY; RAFAEL PINIERO; GEORGE W. ANDERSON; MICHAEL P. O'NEILL; CHARLES MICHAEL MARTINEZ; DANIEL SWEENEY; SAM WILLIS; JOHN MAZZELLA; SUZANNE GIMBLET; and MICHAEL BAHRENBURG through the Counseling Services Unit improperly and illegally forced plaintiff to attend the Twelve Steps Religious Based Alcohol Anonymous Program under the threat of suspension and/or termination.

172.    As a result of the aforesaid acts, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

## COUNT XXII
## RACE, COLOR AND GENDER DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

173.    Plaintiff re-alleges paragraphs 1 through 172 and incorporates them by reference as paragraphs 1 through 172 of Count XXII of this Complaint.

174.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and gender.  The same legal standards that apply to Title VII claims apply to claims brought under this law.

## COUNT XXIII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

175.    Plaintiff re-alleges paragraphs 1 through 174 and incorporates them by reference as paragraphs 1 through 174 of Count XXIII of this Complaint.

176.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of

disability.  The same legal standards that apply to the ADA apply to claims brought under this law.

## COUNT XXIV
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

177.    Plaintiff re-alleges paragraphs 1 through 176 and incorporates them by reference as paragraphs 1 through 176 of Count XXIV of this Complaint.

178.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color, gender and disability.  The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

## COUNT XXV
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

179.    Plaintiff re-alleges paragraphs 1 through 178 and incorporates them by reference as paragraphs 1 through 178 of Count XXV of this Complaint.

180.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and disability.  The law also makes it unlawful to create a severe and hostile environment where retaliation, race, color, gender and disability discrimination are encouraged and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims brought under this law.

**COUNT XXVI**
**RACE, COLOR AND GENDER DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINSTRATIVE CODE § 8-502**

181.    Plaintiff re-alleges paragraphs 1 through 180 and incorporates them by reference as paragraphs 1 through 180 of Count XXVI of this Complaint.

182.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and gender.  The same legal standards that apply to Title VII claims apply to claims brought under New York City Administrative Code § 8-502.

**COUNT XXVII**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINSTRATIVE CODE § 8-502**

183.    Plaintiff re-alleges paragraphs 1 through 182 and incorporates them by reference as paragraphs 1 through 182 of Count XXVII of this Complaint.

184.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.  The same legal standards that apply to ADA claims apply to claims brought under New York City Administrative Code § 8-502.

**COUNT XXVIII**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINSTRATIVE CODE § 8-502**

185.    Plaintiff re-alleges paragraphs 1 through 184 and incorporates them by reference as paragraphs 1 through 184 of Count XXVIII of this Complaint.

186.    The New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the

41

basis of race, color, gender and disability.  The law also makes it unlawful to create an

atmosphere where retaliation is encouraged and/or tolerated.  The same legal standards that apply

to Title VII and the ADA apply to claims brought under this law.

**COUNT XXIX**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-502**

187.    Plaintiff re-alleges paragraphs 1 through 186 and incorporates them by reference

as paragraphs 1 through 186 of Count XXIX of this Complaint.

188.    New York City Administrative Code § 8-502, makes it unlawful to discriminate

against any individual in the terms, conditions, or privileges of employment on the basis of race,

color, gender and disability.  The law also makes it unlawful to create a severe and hostile

environment where retaliation, race, color, gender and disability discrimination are encouraged

and/or tolerated.  The same legal standards that apply to Title VII and the ADA apply to claims

brought under this law.

## JURY TRIAL

189.   Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** plaintiff demands compensatory and punitive damages from these

defendants jointly and severally, in an amount to be determined at trial, plus any and all available

statutory remedies, both legal and equitable, and interests and costs.


Dated:         Lake Success, N.Y.
               December 6, 2006



                                        Respectfully submitted,

                                        By: _____
                                        Eric Sanders (ES0224)

                                        Jeffrey L. Goldberg, P.C.
                                        Attorneys for Plaintiff
                                        2001 Marcus Avenue, Suite S10
                                        Lake Success, NY 11042
                                        516-775-9400

43